GEORGE A. HOLDEN *vs.* JOSEPH W. FRENCH.

Lincoln. Decided June 5, 1878.

*Seamen. Shipping.*

When a fishing vessel is let to the master on shares, and he mans her, and victuals her, and has the possession and control of her, he is *pro hac vice* her owner, and li able, as such, to the seamen for their wages.

Although the amount which a seaman is to receive for his labor is made to depend upon the amount of fish caught, still, he is not on that account a partner in the enterprise, and need not join any of the crew with him as plaintiffs in an action to recover his share of the proceeds.

ON REPORT.

ASSUMPSIT to recover a balance claimed to be due as wages for labor as a seaman on board the steamer "Grace Darling," in 1874.

The evidence tended to show that the Maine Oil Company, (a company engaged in the manufacture of porgee oil,) was the owner of a fishing steamer, called the "Grace Darling;" that they let her to the defendant, (Capt. French) for the season of 1874, on

shares; that he was to man and victual her, and have the possession and control of her; that the fish, when caught, were to be sold and delivered to the oil company, at a price agreed upon for each month's catch; that the defendant contracted with the plaintiff to go on the steamer as one of the crew, and to act as mate; that for his labor and services he was to have one-sixteenth of the value of the fish caught, and, in addition thereto, one and one-half cents per barrel if the catch was a good one; that the catch was a good one; that the fish were sold by the defendant to the oil company; that he collected most of the pay, and took a negotiable note payable to himself for the balance; that at the time of the hiring of the plaintiff nothing was said as to whom he should look for his pay.

*O. D. Baker*, for the plaintiff, contended that the facts established by the evidence made the defendant personally liable for the plaintiff's wages.

*A. P. Gould & J. E. Moore*, for the defendant, contended that the facts established by the evidence, created a partnership, of which the plaintiff was a member, and that his remedy, if any, was by a bill in equity, and not an action at law; and further that, in hiring the plaintiff, the defendant acted as agent, and was not personally liable for his wages.

WALTON, J.   The evidence shows a balance due the plaintiff of $242.21.

Is the defendant liable to pay it?   Undoubtedly.

When a fishing vessel is let to the master on shares, and he mans her, and victuals her, and has the possession and control of her, he is *pro hac vice* her owner, and liable as such to the seamen for their wages. *Thompson* v. *Snow*, 4 Maine, 264.   *Winsor* v. *Cutts*, 7 Maine, 261.   *Cutler* v. *Thurlo*, 20 Maine, 213. *Sproat* v. *Donnell*, 26 Maine, 185.   *McLellan* v. *Reed*, 35 Maine, 172.   *Swanton* v. *Reed*, 35 Maine, 176.

"The same principle must apply to seamen's wages; they contract with the owner *pro hac vice*, while the general owner has made no contract with them."   *Giles* v. *Vigoreux*, 35 Maine, 300.

The owner *pro hac vice*, is liable to the seamen for their wages "on a personal implied contract." *Wait* v. *Gibbs*, 4 Pick. 298. *Same case*, 7 Pick. 146.

Although the amount which a seaman is to receive for his labor is made to depend upon the amount of fish caught, still, he is not on that account a partner in the enterprise, and need not join any of the crew with him as plaintiffs in an action to recover his share of the proceeds. *Baxter* v. *Rodman*, 3 Pick. 435. *Grozier* v. *Atwood*, 4 Pick. 234. *Bishop* v. *Shepherd*, 23 Pick. 492. *Lewis* v. *Chadbourne*, 54 Maine, 484. *Bridges* v. *Sprague*, 57 Maine, 543.

And for a full examination of the authorities bearing upon the relative rights and liabilities of the parties where a vessel is run on shares, and for the reasons why the master, who is owner, *pro hac vice*, is liable, and the general owners not, see *Somes* v. *White*, 65 Maine, 542.

These well settled rules of law are decisive of the case before us. The fishing steamer " Grace Darling," was let to the defendant on shares. The evidence satisfies us as matters of fact that he was to man and victual her, and have the possession and control of her. He has sold the fish, collected most of the pay and taken a negotiable note for the balance. His liability to the plaintiff for the balance of his wages is, in the opinion of the court, unquestionable.

*Judgment for plaintiff for $242.21,*
*and interest from date of the writ.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.